U.S. Department of Justice

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, D.C. 20044-4403*

September 22, 2023

**VIA CM/ECF**

David J. Smith
Clerk of the Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

>  Re: *United States* v. *Florida*, No. 23-12331-B (11th Cir.)—Appellee United States' Response to Appellant's Citation of Supplemental Authority

Dear Mr. Smith:

    This letter responds to Florida's September 21 letter concerning the Fifth Circuit's decision in *United States* v. *Mississippi*, No. 21-60772 (Sept. 20, 2023).

    As relevant here, *Mississippi* held that, on the facts there, a risk that individuals with serious mental illness will be unnecessarily institutionalized was not actionable under Title II of the ADA. Op. 14-19. Significantly, however, the Fifth Circuit recognized that six circuits have held that Title II more broadly prohibits the "serious risk" of unjustifiably institutionalizing individuals with disabilities. Op. 9 & n.7, 15-16; U.S. Stay Opp. 12. *Mississippi* concluded that it "need not say" whether "those cases [are] wrong," explaining that they are "significantly factually distinguishable." Op. 15-16. While we disagree that a State's failure to provide adequate services to individuals with serious mental illness is distinguishable because their circumstances are less "susceptible" to "generalization" (Op. 16), *this* case involves 140 institutionalized children with medical complexity who could appropriately live in the community, with others at serious risk of unnecessary institutionalization.

    Moreover, the well-established serious-risk standard the district court followed is correct. When a State fails to reasonably accommodate community-based services that qualified individuals with disabilities in the community need and do not oppose, thereby creating a serious risk of institutionalization, the State *necessarily* fails to "administer [its] services" in the "most integrated setting appropriate to [their] needs," as required by the integration regulation. 28 C.F.R. 35.130(d). Such individuals are "subjected to discrimination" under the statute because, unlike individuals without disabilities, they must "choose between forgoing necessary medical services while remaining in the community or receiving necessary medical services while institutionalized." *Waskul* v. *Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 460 (6th Cir. 2020). *Mississippi* did not grapple with these points.

      Finally, Florida errs in relying on *Mississippi*'s statement that "[s]weeping institution-wide directives like those [in the injunction there] are never 'narrowly tailored' to remedy individual instances of discrimination." Op. 21-23. Even if this Court were bound by that statement, the injunction here is substantially more limited and carefully tailored to remedy the specific failings causing Florida's violations. U.S. Stay Opp. 4, 9, 15.

                                Sincerely,

                        Bonnie I. Robin-Vergeer
                                Chief

                        <u>s/ Sydney A.R. Foster</u>
                        Sydney A.R. Foster
                             Attorney
                          Appellate Section
                        Civil Rights Division
                            (202) 305-5941

cc:  Counsel of record (via CM/ECF)