No. 23-12331

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STATE OF FLORIDA,

Defendant-Appellant

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

———————————

JOINT MOTION FOR LIMITED REMAND UNDER
FEDERAL RULE OF APPELLATE PROCEDURE 12.1(b)

———————————

ANDY BARDOS
JAMES TIMOTHY MOORE, JR.
ASHLEY H. LUKIS
  GrayRobinson, P.A.
  301 South Bronough St., Ste. 600
  Tallahassee, Florida  32301-1724
  (850) 577-9090

*Attorneys for the State of Florida*

KRISTEN CLARKE
  Assistant Attorney General

BONNIE I. ROBIN-VERGEER
SYDNEY A.R. FOSTER
  Attorneys
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C.  20044-4403
  (202) 305-5941

*Attorneys for the United States of America*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

The parties jointly file this Certificate of Interested Persons and Corporate

Disclosure Statement pursuant to Eleventh Circuit Rules 26.1-1 to 26.1-3.  The

following persons may have an interest in the outcome of this case:

Agency for Health Care Administration, State of Florida.

Agency for Persons with Disabilities, State of Florida.

Agrawal, Rishi K., MD, MPH, Amicus Curiae.

Altonaga, Cecilia M., United States District Judge, Southern District of

Florida.

American Academy of Pediatrics, Amicus Curiae.

American Association of People with Disabilities, Amicus Curiae.

Anderson, Rachel T., counsel for Amici.

Bardos, Andy, counsel for the State of Florida.

Bond, Rebecca B., counsel for the United States.

Boudet, John, counsel for the State of Florida.

Burnim, Ira A., counsel for Amici.

Center for Public Representation, Amicus Curiae.

Child Neurology Foundation, Amicus Curiae.

Clarke, Kristen, counsel for the United States.

Davis, Tiberius T., counsel for Amici.

Department of Children and Families, State of Florida.

Department of Health, State of Florida.

Dermody, Eliza, counsel for the United States.

Dimitrouleas, William P., United States District Judge, Southern District of
    Florida.

England, Travis W., former counsel for the United States.

Esposito, Beth A., counsel for the United States.

Exceptional Families of the Military, Amicus Curiae.

Fletcher, James, counsel for the United States.

Florida Chapter of American Academy of Pediatrics, Inc., Amicus Curiae.

Foster, Sydney A.R., counsel for the United States.

Geddes, Janelle, counsel for the United States.

Gillespie, Nataliia A., counsel for Amici.

Gonzalez, Juan Antonio, counsel for the United States.

GrayRobinson, P.A., counsel for the State of Florida.

Harrell-James, Veronica, counsel for the United States.

Hooper, Dylan, counsel for the State of Florida.

Hunt, Patrick M., United States Magistrate Judge, Southern District of
    Florida.

Johnson, Christopher N., counsel for the State of Florida.

Judge David L. Bazelon Center for Mental Health Law, Amicus Curiae.

Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., counsel for Amici.

LaPointe, Markenzy, counsel for the United States.

Lenson, Jillian, counsel for the United States.

Little Lobbyists, Amicus Curiae.

Lukis, Ashley Hoffman, counsel for the State of Florida.

Mawhinney, Allison G., counsel for the State of Florida.

McDonald, Elizabeth E., counsel for the United States.

Mental Health America, Amicus Curiae.

Meros, George N., Jr., counsel for the State of Florida.

Middlebrooks, Donald M., United States District Judge, Southern District of
    Florida.

Moore, James Timothy, Jr., counsel for the State of Florida.

Muscular Dystrophy Association, Amicus Curiae.

National Federation of Families, Amicus Curiae.

National Health Law Program, Amicus Curiae.

Onyekweli, Nonney, counsel for the United States.

PACER Center, Amicus Curiae.

Panner, Aaron M., counsel for Amici.

Park, H. Justin, counsel for the United States.

Pearlstein, Amanda Brooke, counsel for the United States.

Perkins, Martha Jane, counsel for Amici.

Powell, Lauren Latterell, counsel for the United States.

Price, Tara R., counsel for the State of Florida.

Protopapadakis, Anastasia, counsel for the State of Florida.

Raish, Anne S., counsel for the United States.

Robin-Vergeer, Bonnie I., counsel for the United States.

Rosenbaum, Robin S., Former United States District Judge, Southern

District of Florida.

Schuller, Megan E., counsel for Amici.

Schwartz, Steven J., counsel for Amici.

Scott, Angela, former counsel for the United States.

Seltzer, Barry S., Former United States Magistrate Judge, Southern District

of Florida.

Sheeran, Andrew T., counsel for the State of Florida.

Shelton, Chantel Doakes, counsel for the United States.

Shutts & Bowen LLP, counsel for the State of Florida.

Snow, Lurana S., United States Magistrate Judge, Southern District of

Florida.

State of Florida, Defendant-Appellant.

Street, Leslei G., counsel for the State of Florida.

Thomas, Victoria, counsel for the United States.

United States of America, Plaintiff-Appellee.

United States Department of Justice, counsel for the United States.

Weinstock, Lindsey, counsel for the United States.

Welan, Joy L., counsel for the United States.

Williams, Stuart F., counsel for the State of Florida.

Zeitler, Nicole K., counsel for the United States.

Zloch, William J., United States District Judge, Southern District of Florida.

No publicly traded company or corporation has an interest in the outcome of this case.

<div style="text-align: right">

s/ Sydney A.R. Foster
SYDNEY A.R. FOSTER
Attorney

</div>

Date:  September 20, 2024

## JOINT MOTION FOR LIMITED REMAND UNDER
## FEDERAL RULE OF APPELLATE PROCEDURE 12.1(b)

The parties jointly request that this Court issue a limited remand to the district court under Federal Rule of Appellate Procedure 12.1(b) and Eleventh Circuit Rule 12.1-1. The district court recently entered an indicative ruling on a request by Defendant-Appellant, the State of Florida, to remove Part II(C) of the court's injunction. Because of the pendency of this appeal, the district court agreed with both parties that it lacks jurisdiction to enter the relief the State requested, but stated that it would order that relief if this Court returned jurisdiction to it for that purpose. Both parties therefore respectfully request that this Court (1) issue a limited remand to authorize the district court to modify the injunction in accordance with its indicative ruling; and (2) otherwise retain jurisdiction and proceed to decide this appeal after the district court orders the modification.

1. Plaintiff-Appellee, the United States, brought this action against the State under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. 12131 *et seq.* After a two-week bench trial, the district court found that the State is violating Title II (D. Ct. Doc. 1170) and entered an injunction against it (D. Ct. Doc. 1171).[1]

---

[1] "D. Ct. Doc. __, at __ " refers to docket-entry numbers in the district court docket and page numbers within those documents, respectively. "C.A. Doc. __" refers to docket-entry numbers in this Court's docket.

2. The State appealed.  Following oral argument, this Court granted in part and denied in part the State's motion for a stay of the injunction pending appeal. C.A. Doc. 59.  The appeal remains pending.

3. On September 6, 2024, the district court issued the attached indicative ruling addressing a request presented by the State in a quarterly status report filed with the district court.  D. Ct. Doc. 1227, at 1-2.  As relevant here, the State proposed removing Part II(C) of the injunction.  *Id.* at 3, 5.  That provision requires the State on a quarterly basis to collect certain data on each nurse who provides private-duty nursing services to children in Florida—specifically, (1) the "Provider(s) with whom the nurse works"; and (2) the "county or counties where the nurse is available to work."  D. Ct. Doc. 1171, at 4.  Both parties recognized that the district court lacked jurisdiction to make the proposed modification without a limited remand from this Court.  D. Ct. Doc. 1227, at 3.

4. The district court agreed with the State that it would be appropriate to strike Part II(C) from the injunction under Federal Rule of Civil Procedure 60(b)(5) or 60(b)(6).  D. Ct. Doc. 1227, at 6-8.[2]  The court observed that "it has

---

[2] As the district court explained in its indicative ruling, the State did not file a motion under Rule 60(b), but rather presented the issue in a quarterly report on the status of the injunction's implementation.  D. Ct. Doc. 1227, at 5.  The district court construed the request as a motion under Rule 60(b)(5) or 60(b)(6).  *Id.* at 5-6. Neither party challenges the propriety of the district court's treatment of the request presented in the State's status report as a Rule 60(b)(5) or 60(b)(6) motion.

come to light that this particular aspect of data collection is not working," explaining that because "[b]arely half of the providers responded [to a survey the State conducted]," the data collected to date were "virtually useless in achieving the desired goal of providing the State" with helpful information about "geographic disparities in the provision of [private-duty nursing]." *Id.* at 7. The court concluded that it would be "wasteful" to "continue requiring [the State] to gather" the data. *Id.* at 8. The court agreed with the parties, however, that it lacked jurisdiction to remove Part II(C) due to the pendency of this appeal. *Id.* at 3-4. As a result, the court concluded that if this Court were to remand the case to it under Federal Rule of Appellate Procedure 12.1, it would strike Part II(C) of the injunction. *Id.* at 5, 8.[3]

5. The parties therefore jointly request a limited remand under Rule 12.1(b) for the district court to modify the injunction in accordance with its indicative

---

[3] The district court's order also addressed the State's request to modify Part IV(A) of the injunction (D. Ct. Doc. 1171, at 6-7) to provide "some flexibility in the frequency" with which the transition-planning process must be reinitiated for children who live in nursing facilities (D. Ct. Doc. 1227, at 2-3). The court rejected the State's position that a limited remand would be necessary and instead concluded that it had jurisdiction to make the requested modification. *Id.* at 3. On the merits, the court agreed that it should modify Part IV(A) to provide flexibility in how frequently the transition-planning process must be reinitiated. *Id.* at 2-4. Because the court found that it had jurisdiction to order this modification and because it then did so (D. Ct. Doc. 1228), this aspect of the court's ruling is not at issue in this Rule 12.1 motion.

ruling. No party will be filing an objection to remand under Eleventh Circuit Rule 12.1-1(c)(2)(i). This Court should therefore issue a limited remand to the district court, *see* 11th Cir. R. 12.1-1(c)(2)(ii), but otherwise retain jurisdiction over the appeal, which remains live. *See* Fed. R. App. P. 12.1(b) (default rule is that court of appeals retains jurisdiction when it issues limited remand); *IOU Cent., Inc. v. Premier Metals Recovery LLC*, No. 21-12405, 2022 WL 3723127, at *1 (11th Cir. Mar. 7, 2022) (remanding on a limited basis). The parties do not seek a full remand or dismissal of this appeal. Instead, the parties request this Court to retain jurisdiction to resolve this appeal after the district court modifies the injunction on the limited remand.

## CONCLUSION

This Court should issue a limited remand to the district court for it to strike Part II(C) of the injunction. This Court should otherwise retain jurisdiction over this appeal.

<div style="margin-left:50%;">

Respectfully submitted,

</div>

s/ Andy Bardos

ANDY BARDOS
JAMES TIMOTHY MOORE, JR.
ASHLEY H. LUKIS
  GrayRobinson, P.A.
  301 South Bronough St., Ste. 600
  Tallahassee, Florida 32301-1724
  (850) 577-9090

*Attorneys for the State of Florida*

KRISTEN CLARKE
  Assistant Attorney General

s/ Sydney A.R. Foster

BONNIE I. ROBIN-VERGEER
SYDNEY A.R. FOSTER
  Attorneys
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C. 20044-4403
  (202) 305-5941

*Attorneys for the United States of America*

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 996 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared in Times New Roman 14-point font using Microsoft Word for Microsoft 365.

<div align="right">

s/ Sydney A.R. Foster
SYDNEY A.R. FOSTER
Attorney

</div>

Date: September 20, 2024

# ADDENDUM

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cv-60460-MIDDLEBROOKS/Hunt

UNITED STATES OF AMERICA

      Plaintiff,

vs.

STATE OF FLORIDA,

      Defendant.

_____/

## ORDER *GRANTING* IN PART, AND *RENDERING AN INDICATIVE RULING* IN PART, ON DEFENDANT'S PROPOSED MODIFICATIONS TO ORDER OF INJUNCTION

THIS MATTER is before me following Defendant State of Florida's Second Quarterly Status Report, filed on August 1, 2024, in which it proposed certain modifications to the Order of Injunction (DE 1171). (DE 1221 at 21-24). The United States opposed the modifications and set forth its position in a letter addressed to Defendant's lead counsel and copied to the court. I held a Status Conference on August 15, 2024, where the Parties presented their respective arguments on the proposed modifications. (DE 1223). Thereafter, I required them to confer and file a Joint Report setting forth their agreed recommendations. (DE 1224). Within the Joint Report, I also instructed them to brief those issues that remained in dispute, and to address the issue of this Court's authority to modify the Injunction in the manner proposed by the State of Florida, given the State's pending appeal. (DE 1225).

The Parties timely filed their Joint Report on August 29, 2024. (DE 1226). For the reasons set forth below, I find: (1) I have jurisdiction to rule on the Transition Planning modification without need of a limited remand, and I will modify the Injunction consistent with the State of Florida's proposed language; and (2) I do not have jurisdiction to rule on the Data Collection

modification while the appeal is pending, however this Order shall serve as my indicative ruling that I would grant the State of Florida's requested modification if the Eleventh Circuit were to remand this matter to me for that purpose.

## A. Jurisdiction

The State of Florida appealed my Order of Injunction. (DE 1172). As a result, jurisdiction is now vested in the court of appeals, and my authority to act is limited. I cannot adjudicate aspects of the case that involve appellate issues. I can, however, grant relief to the extent necessary to "secure the opposing party's rights," or to preserve the status quo. *See* Fed. R. Civ. P. 62(d); Fed. R. App. Pro. 12.1. To do anything beyond that, the Eleventh Circuit would have to remand the case to me for the purpose of modifying the Injunction.

In the Order of Injunction, I "reserve[d] the right to modify . . . to impose more stringent requirements on the State if the original purposes of [the Injunction] [were] not being fulfilled in any material respect." (DE 1171 at 11). I note that the modifications proposed here would lessen certain obligations of the State, not increase them.

The first modification at issue involves the frequency with which the transition planning process is re-initiated with the families of medically complex children. As it currently stands, Part IV.A. of the Injunction requires the State to "initiate an individualized Transition Planning Process for every N[ursing] F[acility] Child and every child with Complex Medical Needs who may be admitted to a Nursing Facility." (DE 1171 at 6). It further requires the State to "periodically reinitiate the Transition Planning Process so that the Transition Plan is updated at least once every three months and must ensure that any new circumstances or considerations relevant to transition are reflected in the update." *Id.*

The Parties have conferred and agreed to a modification of Part IV.A. that would loosen these requirements and interject some flexibility in the frequency with which the State must engage

with families about the transition planning process. According to the State, this flexibility would be responsive to concerns expressed by some families regarding how often they were called upon to attend these meetings, which can be both time-consuming and emotionally taxing. The Parties agree on the specific changes related to the timing and terms surrounding this aspect of the transition planning process; they only disagree on the inclusion of language that would require the parents who opt for less frequent transition planning meetings to articulate their reason for doing so. That issue I will address below. My first inquiry, however, is whether I have jurisdiction to make such a modification at all during the pendency of the appeal, and I conclude that I do. On this point, I agree with the United States that the proposed modification regarding the frequency of transition planning meetings would maintain the status quo and effectuate the underlying purposes of the Injunction. Therefore, this modification falls within the scope of my authority without need of a remand.

The second modification at issue involves vacating the provision of the Injunction that requires data collection on nurses who provide Private Duty Nursing ("PDN") services to children in Florida. As it currently stands, Part II.C. of the Injunction requires the State, on a quarterly basis, to collect data on these nurses, and identify the name and employer of each nurse and the "county or counties where the nurse is available to work." (DE 1171 at 4). The State seeks to remove this requirement on the basis that the data collected to date has been incomplete and not useful.

Although the Parties dispute whether Part II.C. should be stricken, they do not dispute that this modification would change the status quo, and could materially alter the status of issues on appeal, and therefore a limited remand from the Eleventh Circuit would be required before I could grant the relief the State seeks.

3

**B.  The State's Request to Modify Transition Planning Frequency is Granted.**

I have determined that I have jurisdiction to make the (largely) agreed-upon modification that the Parties have proposed to Part IV.A. of the Injunction. The language is set forth at pages 14-15 of the Parties' Joint Status Report. (DE 1226). The only point of contention is that the government requests inclusion of language that would require the families to justify and/or explain their expressed preference for less frequent transition planning meetings. I have considered the Parties' respective arguments on this issue, and I agree with the State that the government's language would impose an unnecessary burden on families, essentially requiring them to defend their choice and thereby putting them in an uncomfortable position. Moreover, there is a real risk that families will perceive the question to be an expression of disapproval of their decision, or at a minimum it could be interpreted as judgmental or insensitive, or both. These types of decisions take a significant emotional toll on the families of medically complex and institutionalized children. On balance, acquiring this information about each family's particular motivation is of minimal benefit by comparison with the high likelihood that this inquiry will be interpreted as criticism. Therefore I will grant the State's request to modify Part IV.A. of the Injunction, and I will enter the agreed upon language set forth in the Parties' Joint Status Report, but without the disputed language proposed by the government.

**C.  The State's Request to Modify Data Collection Would be Granted if Remanded.**

The Parties dispute this modification. I have examined their respective arguments and I have considered the record. I agree with the State that the data collection requirements contained in Part II.C. of the Injunction should be removed.

As previously explained, however, this proposed modification involves issues that are pending on appeal, therefore I cannot act without a limited remand from the Eleventh Circuit. The interplay between the applicable federal rules of civil and appellate procedure works this way:

4

Federal Rule of Civil Procedure 62.1 states that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that . . . is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). The movant must alert the clerk of the circuit court of a district court's indicative ruling in its favor. *See* Fed. R. Civ. P. 62.1(b). Once a district court renders an indicative ruling, the court of appeals' decision to grant a limited remand is discretionary under the Federal Rules of Appellate Procedure. Thus, if the district indicates that it *would* grant a motion for relief that it would otherwise lack jurisdiction to grant due to the pendency of an appeal, then "the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b). And then, "[t]he district court may decide the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(c).

Procedurally, these proposed modifications came before me in an unusual way. Originally, they were contained in the State's quarterly status report (DE 1221), and the government drafted its opposition to them in the form of a letter to opposing counsel not filed in the docket. The modifications were then argued orally at a Status Conference, and thereafter, the legal arguments for and against the proposals were set forth in the Parties' Joint Report to the court.

Technically speaking, the State has filed no motion in the court record articulating the procedural vehicle through which I might grant relief and render an indicative ruling. But I am inclined to dispense with this formality in the interest of efficiency, as I feel that I have all the information I need to rule on the substantive issue presented, based upon the record as it presently stands. Accordingly, I will construe the State of Florida as having effectively moved for relief under Rule 60(b)(5) and/or 60(b)(6). I see no prejudice to the government in moving forward in

this manner, as it has had a full and fair opportunity to brief the issue of whether Rule 60(b) relief is warranted.

Under Rule 60(b), a moving party may be relieved from its obligations under a final judgment or order if "applying [the judgment] prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5). The court can also relieve a party from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). I have considered these provisions in conjunction with longstanding precedent describing the breadth of the discretion afforded to district courts in modifying injunctions. *See, e.g.*, *Brown v. Plata*, 563 U.S. 493, 542 (2011) (a district court may relieve a party of the burdens of an injunction "as warranted by the exercise of its sound discretion."); *N.Y. State Ass'n for Retarded Child. Inc. v. Carey*, 706 F. 2d 956, 967 (2d Cir. 1983) (the court's power to modify injunctive relief "is long-established, broad, and flexible."); *Milk Wagon Drivers Union v. Meadowmoor Dairies*, 312 U.S. 287, 298 (1941) ("Familiar equity procedure assures opportunity for modifying or vacating an injunction when its continuance is no longer warranted."); *United States v. W. Elec. Co.*, 46 F. 3d 1198, 1202 (D.C. Cir. 1995) ("At the request of the enjoined party, the court may relieve the party of the decree's constraints.)

Upon full and careful review of the record, the applicable law, and the Parties' arguments, I would grant the State's request to strike Part II.C. if I had jurisdiction to do so. As its goal, this provision was aimed at enabling the State to gather information that might help it understand the supply of PDN nurses in different geographic areas as a first step towards addressing the drastic disparities in levels of PDN coverage county to county. But the State contends that the data mandated by this provision has been unhelpful and incapable of being utilized in any practical way, in large part due to incompleteness of the information gathered -- only a little over half of

those providers surveyed for this data responded.[1] The Government counters that to the extent utility of the data has been limited, it is attributable to the State's lackluster effort to ensure greater participation and feedback from providers. The Government further suggests ways in which the data could be put to more effective use. (DE 1226 at 26-29).

I find that the data on the availability of nurses who provide PDN to medically complex children in various counties has been unhelpful and the State ought not be required to continue collecting it. I note that the injunctive remedies in this matter, such as this one, were crafted without the benefit of the State's input, notwithstanding that it was arguably in the best position to evaluate what measures would or would not work. Now, it has come to light that this particular aspect of data collection is not working. Barely half of the providers responded, rendering the data virtually useless in achieving the desired goal of providing the State with a bigger picture of the overall problem with geographic disparities in the provision of PDN. When I issued my Memorandum Opinion and Order, I anticipated that there might be some issues with the process of collecting data on this subject matter, and the potential for duplication of collected data in this area. I acknowledged that there was some possibility that the Legislature may already have been requiring the State to collect similar information pertaining to the availability of PDN nurses, and I was clear that "[i]t [was] not my intention to force duplication of data collection." (DE 1170 at 73). I further stated that the "injunction w[ould] be modified to eliminate any redundancy upon notification to the monitor," should that become necessary.

It appears Florida's Legislature has also sought to increase data collection efforts in its workforce study requirements. In response to questions I posed at the Status Conference, the State attached to the Joint Report a screenshot of the online survey form that home health agency

---

[1] The State further contends that the data collection is intrusive, as the data reports are public record and include nurses' names, employers, and counties of residence.

licensing applicants must complete, as mandated by the Legislature. *See* DE 1226, Exhibit A. This form elicits information about total numbers of staff, turnover and vacancies, patient volume, reasons for leaving employment, training, and costs of benefits. It does not appear to capture data on the geographic availability of the nurses employed by the agencies.

While the State has not argued that the information they are required to gather by the legislature makes the information required by the injunction redundant, it is apparent that the workforce survey provides useful information and, since it is required for license renewal, it likely has a better response rate.  But the State has not explained whether it is using the legislatively mandated data collection to help address or diagnose the PDN shortage. Frustratingly, from my vantage point, I have no way of gauging the State's effort to maximize its chances of gathering the most complete information in this regard. And generally speaking, I have not sensed any strong motivation or effort from the State to focus on better data collection procedures, despite the very serious lapses that became apparent during trial. Rather, the State's emphasis is almost always on the nursing shortage alone; a problem that it seems to believe it cannot overcome, no matter how thorough and complete its data collection is. I recognize that the State has been proactive and effective in fulfilling some of its obligations under the Injunction in other ways. But this has not been an area where it has been able to meet expectations, and I agree that to continue requiring it to gather incomplete information that it ultimately can't or won't utilize is wasteful. For these reasons, if the court of appeals were to remand this matter to me, I would modify the Order of Injunction by striking Part II.C.

## CONCLUSION

For the above-stated reasons, it is **ORDERED and ADJUDGED** that:

1. The State of Florida is presumptively deemed to have moved for relief under Rule 60(b) of the Federal Rules of Civil Procedure. And with respect to the two modifications sought,

the motion is granted in part, and indicative ruling is hereby set forth in part.

2. The State's request to modify Part IV.A. of the Order of Injunction (Frequency of Transition Planning) is **GRANTED**. I will adopt the language contained at pages 14-15 of the Parties' Joint Report (DE 1226). This modification will issue by separate order.

3. I lack jurisdiction to rule on the State's request to strike Part II.C. of the Order of Injunction (Data Collection on Nurses) while the State's appeal is pending. Therefore, this Order shall serve as an indicative ruling, consistent with Federal Rule of Civil Procedure 62.1, that I would grant the State's request for modification of Part II.C. if the court of appeals were to remand the matter to me for the limited purpose of doing so.

**SIGNED** in Chambers at West Palm Beach, Florida this 5 day of September, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:     Counsel of Record