

Andy Bardos
SHUTTS & BOWEN LLP
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
850-201-6269
abardos@shutts.com

August 3, 2026

VIA CM/ECF

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

     Re:   United States v. Florida, No. 23-12331

Dear Mr. Smith:

This letter responds to the United States' submission of the following supplemental authority: Clarification on Department of Justice Guidance Titled, "Statement of the Department of Justice on Enforcement of the Integration Mandate of Title II of the Americans With Disabilities Act and Olmstead v. L.C.," 91 Fed. Reg. 45,287 (July 20, 2026) (the "Clarification").

The Clarification supports en-banc rehearing because it undermines the out-of-circuit decisions on which the panel majority relied.

In 2011, the United States claimed in a guidance document (the "*Olmstead* Guidance") that individuals with disabilities who live at home, but who claim a "risk" of being admitted to institutional settings in the future, may assert civil-rights violations even before the harm becomes imminent. Doc. 84 at 11–12.

Over the years, several circuits deferred to the *Olmstead* Guidance and adopted its atextual and amorphous at-risk theory. Op.31.

The panel majority relied heavily on these decisions in concluding that a mere "risk of institutionalization may constitute discrimination." Op.31–

34. Although it disclaimed reliance on deference and stated that it was persuaded by "other aspects of our sister circuits' reasoning," Op.64 n.17, those circuits offered little or no reasoning—besides deference—to support the at-risk theory.

In its Clarification, the United States disavows its *Olmstead* Guidance. It states that the *Olmstead* Guidance is "not enforceable" and that the United States "will not rely upon the *Olmstead* Guidance in its enforcement of Title II of the ADA." 91 Fed. Reg. at 45,288. It also states that the United States "plans to revisit the *Olmstead* Guidance . . . to determine whether the *Olmstead* Guidance is consistent with the 'single, best meaning' of the ADA." *Id.* (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)).

Most tellingly, the Clarification disapprovingly cites the first four decisions on which the panel majority relied to support its adoption of the at-risk theory. *Compare id.* at 45,287–88, *with* Op.31. The Clarification correctly notes that these out-of-circuit decisions mistakenly "treated the *Olmstead* Guidance as authoritative" despite its "non-enforceable nature." 91 Fed. Reg. at 45,287.

Respectfully submitted,

/s/ *Andy Bardos*

Andy Bardos
*Counsel for Appellant*

cc (via CM/ECF): All counsel

2