No. 23-12331

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*

v.

STATE OF FLORIDA,
*Defendant-Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

# RESPONSE TO PETITION FOR REHEARING EN BANC


HARMEET K. DHILLON
Assistant Attorney General

ANDREW G. BRANIFF
DAVID N. GOLDMAN
JOSHUA R. ZUCKERMAN
Attorneys
Department of Justice
Civil Rights Division
Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, D.C. 20044-4403
(771) 333-0027

## TABLE OF CONTENTS

**PAGE**

ARGUMENT ........................................................................................ 1

CONCLUSION ..................................................................................... 4

CERTIFICATE OF COMPLIANCE

## TABLE OF CITATIONS


**CASES:** **PAGE**

*Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)........................1-2

*Olmstead v. L.C.*, 527 U.S. 581 (1999)......................................................1

*United States v. Florida*, 172 F.4th 1201 (11th Cir. 2026)..................1, 3

**REGULATIONS:**

28 C.F.R. 35.130(d).....................................................................................1

91 Fed. Reg. 45,287 (July 20, 2026)..........................................................2

**MISCELLANEOUS:**

DOJ, *Clarification on Department of Justice Guidance Titled, "Statement of the Department of Justice on Enforcement of the Integration Mandate of Title II of the Americans With Disabilities Act and Olmstead v. L.C.* (July 20, 2026).....................2

DOJ, Statement of the Department of Justice on Enforcement of the Integration Mandate of Title II of the Americans with Disabilities Act and *Olmstead v. L.C.* (last updated February 28, 2020)....................................................1

*Olmstead* Guidance, available at https://perma.cc/M2UC-22BY.............1

The United States does not oppose Florida's Petition or Rehearing En Banc.[1]

## ARGUMENT

Relying on a regulation known as the "integration mandate," 28 C.F.R. 35.130(d), the panel held that "Title II impose[s] an obligation to at-risk children" and that "the risk of institutionalization may constitute discrimination." *United States v. Florida*, 172 F.4th 1201, 1226 (11th Cir. 2026). The United States' Brief urged the panel to defer to guidance issued by the Department of Justice on June 22, 2011, titled "Statement of the Department of Justice on Enforcement of the Integration Mandate of Title II of the Americans with Disabilities Act and *Olmstead* [*v. L.C.*]" (last updated February 28, 2020) (*Olmstead* Guidance). U.S. Br. 40.[2]

The *Olmstead* Guidance (citing *Olmstead v. L.C.*, 527 U.S. 581 (1999)) explained that "the ADA and the *Olmstead* decision extend to

---

[1] The United States is separately filing a motion to vacate the panel opinion and remand to the district court for reconsideration in light of *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). If this Court denies en banc review, the United States respectfully requests vacatur and remand for the reasons discussed in its motion.

[2] The *Olmstead* Guidance is available at https://perma.cc/M2UC-22BY.

persons at serious risk of institutionalization." *See* Q & A #6. According to the United States' brief, the *Olmstead* Guidance reaffirms that Title II protects "[p]ersons at serious risk of unnecessary institutionalization." U.S. Br. 39.

On July 20, 2026—after the panel issued its Opinion—the Department of Justice issued a "Clarification" of the *Olmstead* Guidance. *Clarification on Department of Justice Guidance Titled, "Statement of the Department of Justice on Enforcement of the Integration Mandate of Title II of the Americans with Disabilities Act and Olmstead v. L.C.*," 91 Fed. Reg. 45,287 (July 20, 2026). The Clarification explains that although the *Olmstead* Guidance "ha[s] no force or effect of law" and is "non-enforceable," "numerous courts have treated [it] as authoritative." *Ibid.* (collecting cases). "Further, the Olmstead Guidance was issued prior to the Supreme Court's decision in *Loper Bright* . . . which held that agency interpretations must be consistent with the 'single, best meaning' of the statute authorizing them." *Id.* at 45,288 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024)). The Clarification announced that the Department of Justice would "revisit the Olmstead Guidance in light of Loper Bright to determine whether the Olmstead Guidance is

consistent with the 'single, best meaning" of the ADA [and] will not rely upon the Olmstead Guidance in its enforcement of Title II of the ADA." *Ibid.*

In light of the Clarification and the Supreme Court's intervening decision in *Loper Bright*, the United States declines to defend parts III.B.1 and IV.A of the panel's Opinion. Part III.B.1 held that Florida violated Title II because its "actions place children who are at home or in community settings at substantial risk of institutionalization." *Florida*, 172 F.4th at 1229. Part IV.A upheld system-wide injunctive relief to remedy the supposed discrimination against at-risk children. *Id.* at 1240-1241. Although the panel ultimately declined to "decide whether [the *Olmstead* Guidance] is entitled to any deference," *id.* at 1240 n.17, the United States relied on the guidance in arguments before this Court and in advancing a theory of Title II that has been called into question by *Loper Bright*.

## CONCLUSION

For the foregoing reasons, the United States does not oppose Florida's Petition for Rehearing En Banc.

Date: August 13, 2026

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

s/ Joshua R. Zuckerman
ANDREW G. BRANIFF
DAVID N. GOLDMAN
JOSHUA R. ZUCKERMAN
Attorneys
Department of Justice
Civil Rights Division
Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, D.C. 20044-4403
(771) 333-0027

## CERTIFICATE OF COMPLIANCE

This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Century Schoolbook 14-point font. This response complies with Federal Rule Appellate Procedure 40(d)(4) and contains 564 words.

s/ Joshua R. Zuckerman
JOSHUA R. ZUCKERMAN
Attorney

Date: August 13, 2026