IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

No. 23-12331

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*

v.

STATE OF FLORIDA,
*Defendant-Appellant*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---

# UNOPPOSED MOTION TO VACATE OPINION AND REMAND

---

The United States moves for vacatur and remand to the district court in light of the Department of Justice's change in position in this matter. Florida does not oppose remand to the district court should this Court first grant Florida's petition for rehearing en banc and vacate the panel decision.

## BACKGROUND

This case concerns Florida's administration of Medicaid services for children with medical complexity and whether the State may be liable for

administering its services in a way that subjects such children to segregation or a serious risk of unnecessary segregation. The United States alleged that Florida discriminated against children with medical complexity in violation of Title II of the Americans with Disabilities Act (ADA) by failing to provide care for them in the most integrated setting appropriate to their needs. The United States asserted that Florida failed to provide families with the at-home care they needed, causing some children to be unnecessarily institutionalized and placing others at serious risk of institutionalization.

After trial, the district court issued systemwide injunctive relief and liability findings against Florida under *Olmstead v. L.C.*, 527 U.S. 581, 597 (1999) (holding that unjustified institutionalization is "properly regarded as discrimination based on disability"). Doc. 1170, Mem. Op., *United States v. Florida*, No. 12-cv-60460 (S.D. Fla. July 14, 2023).[1] Florida appealed.

The United States' appellate brief urged this Court to defer to guidance issued by the Department of Justice on June 22, 2011 (last

---

[1] "Doc. __refers to district-court docket entry number. "C.A. Doc. _" refers to the Eleventh Circuit docket entry number.

updated February 28, 2020), titled "Statement of the Department of Justice on Enforcement of the Integration Mandate of Title II of the Americans with Disabilities Act and *Olmstead* [*v. L.C.*]" (*Olmstead* Guidance).[2] U.S. Br. 40. As the United States' brief explained, the *Olmstead* Guidance states that "the ADA and the *Olmstead* decision extend to persons at serious risk of institutionalization." *Id.* at 39-40 (citing *Olmstead*). According to the United States' brief, the *Olmstead* Guidance reaffirms that the ADA protects "persons at serious risk of unnecessary institutionalization." *Id.* at 40.

A divided panel of the Eleventh Circuit generally affirmed the district court's liability findings and affirmed the majority of the injunction, including the "at-risk" claim. *United States v. Florida*, 172 F.4th 1201, 1250 (11th Cir. 2026). The panel held that "Title II impose[s] an obligation to at-risk children" and that "the risk of institutionalization may constitute discrimination." *Id.* at 1226.

On May 29, 2026, Florida petitioned for rehearing en banc related to the "at-risk" claim. C.A. Doc. 84. On June 4, 2026, this Court ordered

---

[2] The *Olmstead* Guidance is available at https://perma.cc/M2UC-22BY.

the United States to respond to Florida's petition for rehearing by June 29, 2026. C.A. Doc. 86.

After this Court ordered the United States to respond, the Department of Justice issued a "Clarification" of the *Olmstead* Guidance. *Clarification on Department of Justice Guidance Titled, "Statement of the Department of Justice on Enforcement of the Integration Mandate of Title II of the Americans With Disabilities Act and Olmstead v. L.C.*," 91 Fed. Reg. 45,287 (July 20, 2026).The Clarification explains that although the *Olmstead* Guidance "ha[s] no force or effect of law" and is "non-enforceable," "numerous courts have treated [it] as authoritative." *Ibid.* (collecting cases). *See also* C.A. Doc. 97. "Further, the Olmstead Guidance was issued prior to the Supreme Court's decision in *Loper Bright* . . .which held that agency interpretations must be consistent with the 'single, best meaning' of the statute authorizing them." *Id.* at 45,288 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024)). The Clarification announced that the Department of Justice "would revisit the Olmstead Guidance in light of Loper Bright to determine whether the Olmstead Guidance is consistent with the 'single, best meaning' of the

ADA [and] will not rely upon the Olmstead Guidance in its enforcement of Title II of the ADA." *Ibid.*

## LEGAL STANDARD

This panel has the authority to "dispose of the case" or "issue any other appropriate order," Fed. R. App. P. 40(e), including vacating its opinion and remanding to the district court. "The filing of a petition for rehearing en banc does not limit the panel's authority." Fed. R. App. P. 40(f). Vacatur and remand is appropriate where, as here, the Government "has re-examined" its authority and legal position and changed its "interpret[ation]" of the law. *See Lawrence v. Chater*, 516 U.S. 163, 165-166 (1996) (per curiam) (citation omitted) (granting certiorari, vacating, and remanding).

## ARGUMENT

This Court should vacate its Opinion and remand to the district court in light of the United States' intent to "revisit the Olmstead Guidance" and its statement that the United States will "not rely upon the Olmstead Guidance in its enforcement of Title II of the ADA." *Clarification on Department of Justice Guidance,* 91 Fed. Reg. 45,287 (July 20, 2026). There is little reason to keep in place injunctive relief

where, as here, the plaintiff no longer defends the legal theory on which the injunction was sought and based.

The United States' theory of this case has rested on its understanding of Title II as framed by the *Olmstead* Guidance (U.S. Br. 40), which the United States has decided to "revisit" and "not rely upon," 91 Fed. Reg. at 45,287. To be sure, this Court's decision did "not decide whether this guidance is entitled to any deference," *United States v. Florida*, 172 F.4th 1201, 1240 (11th Cir. 2026), but the Court approvingly cited "sister circuits' opinions [that] relied in part on" the *Olmstead* Guidance. *Id.* at 1240 n.17; *see, e.g.*, *Pashby v. Delia*, 709 F.3d 307, 322 (4th Cir. 2013) (explaining that the court was "especially swayed" by the *Olmstead* Guidance in determining that "individuals who must enter institutions to obtain Medicaid services for which they qualify may be able to raise successful Title II and Rehabilitation Act claims because they face a risk of institutionalization"). In any event, the United States no longer seeks or wishes to enforce liability in this case based on the at-risk theory that the panel relied on (in Parts III.B.1 and IV.A of its

Opinion) and which the United States has decided to "revisit." *See* 91 Fed. Reg. at 45,288.

Rather than keep in place an injunction the United States no longer seeks to uphold or enforce, this Court should vacate the panel Opinion and remand the case. On remand, the United States would seek termination or modification of the injunction to reflect its decision to no longer rely on the *Olmstead* Guidance to justify continued enforcement of the portions of the injunction premised on the "at-risk" theory.

The United States' "decision not to take [further] enforcement action" against Florida is the type of action that "has traditionally been committed to agency discretion." *Heckler v. Chaney*, 470 U.S. 821, 832 (1985) (internal quotation marks omitted). It is a "civil enforcement decision[]" that is "presumptively an exclusive Executive power." *In re Aiken Cnty.*, 725 F.3d 255, 264 n.9 (D.C. Cir. 2013). No statute requires the United States to enforce Title II against Florida, and the fact that the United States no longer wants to pursue its Title II claim alone justifies vacatur.

## CONCLUSION

The United States respectfully requests that this Court vacate its Opinion and remand for further proceedings in light of the United States' change in position.

Date: August 13, 2026 Respectfully submitted,


HARMEET K. DHILLON
Assistant Attorney General

s/ Joshua R. Zuckerman
ANDREW G. BRANIFF
DAVID N. GOLDMAN
JOSHUA R. ZUCKERMAN
Attorneys
Department of Justice
Civil Rights Division
Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, D.C. 20044-4403
(771) 333-0027

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,214 words. This motion complies with the typeface and typestyle requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word for Microsoft 365 in proportionally spaced 14-point Century Schoolbook typeface.

s/ Joshua R. Zuckerman
JOSHUA R. ZUCKERMAN
Attorney

Date: August 13, 2026